## THE PEOPLE *v.* JAMES GARNETT.

EXCLUSION OF WITNESSES DURING A TRIAL.—The exclusion of the witnesses on the part of the prosecution, on the motion of the defendant, in a criminal action, is not a matter of absolute right, but rests in the discretion of the Court.

TESTIMONY OF AN ACCOMPLICE IN A CRIMINAL CASE.—Where the prosecution rely on the testimony of an accomplice, jointly indicted with the defendant, the defendant should not be discharged at the close of the testimony for the prosecution, if the accomplice's testimony has been corroborated in some particulars.

IMPEACHMENT OF WITNESS.—A witness cannot be impeached by proof that he has made statements out of Court contrary to what he has testified to on the trial, unless the witness was asked as to the statements made out of Court, and the time when, place where, and person to whom made.

BURGLARY MIXED WITH LARCENY.—Our criminal code describes no such offense as burglary mixed with larceny or another felony.

INDICTMENT CHARGING TWO OFFENSES.—Under our criminal code, an indictment which charges a burglary mixed with a larceny, charges two offenses. If in connection with a burglary another offense has been committed, it must be made the foundation of a separate indictment.

SAME.—If the indictment charges two offenses, the objection is waived unless it is taken by demurrer.

TRIAL WHERE INDICTMENT CHARGES BURGLARY MIXED WITH LARCENY.—If the indictment charges a burglary mixed with a larceny, and no demurrer is interposed, and the case is conducted upon the theory that the defendant is on trial for burglary alone, the Court cannot, after the case is submitted and the jury have retired, change the issue by instructing the jury that they may find the defendant guilty of grand larceny.

LARCENY IS NOT INCLUDED IN BURGLARY.—Larceny, if committed at the same
time a burglary is committed, is not included in the burglary, as manslaughter in
murder; the larceny is no part of the burglary.

APPEAL from the County Court, Sacramento County.

The indictment charged the defendant with having, in the
night time, feloniously and burglariously entered the house of
T. Schroder, with intent to steal his goods, and with having
then feloniously and burglariously stolen four hundred pounds
of his beef.

On the trial the defendant moved the Court to exclude all
the witnesses from the Court room except the witness on the
stand. The motion was granted, except as to F. F. Burke,
the Chief of Police of Sacramento. The prosecution relied
principally on the testimony of Daniel Long, who was an
accomplice, and was jointly indicted with Garnett, but Long's
testimony was corroborated in some particulars by other wit-
nesses.

When the prosecution rested, the defendant's attorney moved
the Court to discharge the prisoner, because the witness, Long,
was an accomplice, and no circumstances had been proved by
any other witness connecting defendant with the crime. The
Court denied the motion.

After Burke had been examined by the prosecution, defend-
ant's attorney asked him if he did not make certain statements
to the defendant, in the presence of Bruce, Hidden, and Deal,
on J street, between Second and Third streets, without asking
as to the time or particular place? Burke denied having
made such statements.

The defendant called a witness after the prosecution had
rested, and proposed to prove that Burke made the statements.
The District Attorney objected, because the proper foundation
had not been laid for the testimony. The Court sustained the
objection. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding,* for Appellant, on the question of the
refusal of the Court to discharge the defendant after the prose-

cution rested, cited Wood's Digest, p. 299, Sec. 375; *People v. Eckert*, 16 Cal. 110; Roscoe's Crim. Ev. 157–159; *Rex v. Webb*, 25 Eng. C. L. 556; *Rex v. Addis*, Id. 452; *Reg. v. Dyke*, 34 Id. 381.

On the refusal of the Court to allow the impeachment of Burke's testimony, they cited 1 Greenleaf on Ev., Sec. 462; *Regina v. Holden*, 8 C. & P. 606; 2 Barb. S. C. R. 210. They also contended that the Court erred in recharging the jury upon new matter, and that the Court derived its power to charge the jury from the Criminal Practice Act, and that that Act only gave it power to charge the jury before they retired to deliberate, and not to recall them after they had failed to agree, and charge them in relation to new issues not raised during the trial, and cited Wood's Dig., page 297, Sec. 362; 8 Cal. 341; Id. 423; 12 Cal. 345; 14 Cal. 437; and 26 Cal. 79.

*J. G. McCullough, Attorney-General*, for the People, on the question of the refusal to exclude witness Burke, cited 1 Greenleaf's Ev., Sec. 432, and Notes. He also contended that it was proper for the Court to recharge the jury, there being a disagreement, and cited Crim. P. Act, Sec. 408; *People v. Robinson*, 17 Cal. 368; and *People v. Boggs*, 20 Cal. 434; and argued that there was no error in the charge when the jury were recalled, to defendant's prejudice, and cited Cr. P. Act, Sec. 424; and *People v. Davidson*, 5 Cal. 534. He contended that the concurrence of two interests were necessary to constitute burglary; the first, to break into the house, must be executed; the second, to commit the felony or misdemeanor specified in the statute, might or might not be executed. If the latter was executed, there might be two offenses in the transaction, at the election of the pleader, or only one as in this indictment, and cited *People v. Franks*, 28 Cal. 507; and 1 Bishop's Crim. Law, Sec. 251. The latter intent must be proved, and nothing will answer as a substitute; and this indictment must necessarily cover larceny, as it not only charges the intent to commit, but also the actual commission

of the larceny, which pleading was perfectly proper and the better mode. And under such an indictment the defendant may be convicted of the larceny alone; in other words, he may be convicted of just so much of the charge as is proved. Nor can the defendant with any justice complain, as he might have been indicted for the burglary, and also for larceny, separately, and punished for both. (1 Bishop's Crim. Law, Secs. 251, 687, 539, 539*a*, 540; 2 Bishop's Crim. Law, Sec. 96, and the cases cited.)

By the Court, SANDERSON, J.

The Court did not err in refusing to exclude the Chief of Police with the other witnesses. The exclusion of witnesses on the part of the prosecution, on the motion of the defendant, is not a matter of absolute right in all cases, but rests very much in the discretion of the Court, which may be exercised in favor of the defendant's application or not, according to the circumstances of the case. (1 Greenleaf on Ev., Sec. 432.)

Nor did the Court err in refusing to discharge the defendant at the close of the testimony for the prosecution. The testimony of the accomplice was corroborated by other evidence in regard to several particulars, which at least tended to connect the defendant with the commission of the offense charged.

Nor did the Court err in sustaining the objection of the District Attorney to the testimony of the witness Bruce offered for the purpose of impeaching the testimony of Burke. The proper foundation for the admission of such testimony had not been laid. (1 Greenleaf on Ev., Sec. 462.)

### Indictment for burglary.

The indictment would have been bad on demurrer had one been interposed, upon the ground that it contains two separate offenses: 1—burglary; and 2—grand larceny. At common law there are two kinds of burglary: 1—Complicated

and mixed with another felony; and 2—simple burglary; for which different punishments were inflicted. (1 Hale's Pleas of the Crown, 549.) Hence at common law an indictment for the first necessarily comprised two offenses—burglary and such other felony as may have been committed in connection therewith—and the defendant could be acquitted of the burglary if the case was so upon the evidence, and found guilty of the other felony only (Id. 559.) Our criminal code, however, describes no such offense as burglary complicated and mixed with another felony. It describes simple burglary only. Hence under our practice burglary cannot, more than any other offense, be united in the same indictment with another offense. If in addition to the burglary, another offense has been committed, it must be made the foundation of a separate indictment. When, however, both offenses are stated in the same indictment, the objection must be taken by demurrer, or it will be deemed waived, and a verdict of guilty of either offense will not be disturbed on that ground. In the present case the objection was not taken by demurrer, but on motion in arrest of judgment, which was too late, as we held in *Shotwell's Case*, (27 Cal. 394.)

### *Recalling a jury and charging them as to a new issue.*

Nevertheless, after a careful examination of the record, we are satisfied that there was sufficient error at the trial to justify us in setting aside the verdict. We are satisfied that the defendant was in fact tried for one offense and found guilty of another. He was tried for burglary and found guilty of grand larceny. This is especially apparent from the instructions of the Court given at the close of the argument. That up to that time the defendant had been regarded by Court, counsel and jury as on trial for burglary only, does not, in our judgment, admit of doubt. The statutory definition of burglary was first read to the jury, and they were then told in substance "that if they found from the evidence that the defendant in the nighttime of the 3d of March, 1865, broke and entered the outhouse mentioned in the indictment, or without

force, the doors and windows being open, entered said house, with the intent to commit grand or petit larceny, they must find him guilty as charged in the indictment. If, on the contrary, they did not find from the testimony that he entered said house in the night time, with the intent to commit larceny, they must find him *not guilty.*" They were not told that if in their judgment the evidence did not sustain the charge of burglary they might inquire whether it sustained the charge of larceny. On the contrary, in the former event they were expressly told to find a verdict of "not guilty." The statutory definition of grand larceny was not read to them, nor were they told that under the indictment they could acquit the defendant of burglary and find him guilty of grand larceny, if they should so find the case upon the evidence. On the contrary, nothing whatever was said by the Court upon the subject of larceny. Its silence in that respect admits of but one explanation, which is that up to that time grand larceny, as a separate and distinct offense, had not been regarded as embraced within the issue, but on the contrary, had been entirely ignored and overlooked by Court, counsel and jury, except so far as it was to be considered in connection with the question of intent as an element in the offense of burglary.

After the jury had been out three hours without being able to agree upon a verdict, without any request on their part for further information upon any point of law, or any disagreement between them as to any part of the testimony, (see the four hundred and eighth section of the Criminal Practice Act,) all of which clearly appears from the record, they were recalled into Court by order of the Judge, of his own motion, and against the protest and under the exception of the defendant's counsel, and then told for the first time, in substance, "that the indictment covered two offenses, burglary and grand larceny, of which the former was the higher and included the latter; and that they might, therefore, if they so found the case from the evidence, find the defendant guilty of grand

larceny." Thereupon the jury retired, and immediately thereafter returned with a verdict of guilty of grand larceny.

From the foregoing, which is fully sustained by the record, in our judgment, we are able to draw but one conclusion, which is, as has been already stated, that up to the time the jury was recalled the case had been conducted entirely upon the theory that the defendant was on trial for but one offense, and that that offense was burglary; and further, that the idea that he might also be tried for grand larceny was not suggested until after the case had been argued by his counsel and formally given to the jury. That so sudden a shifting of the issue, without time for further argument, might operate to the legal prejudice of the defendant, does not admit of doubt. That it may have done so is apparent from the fact that on the question of burglary the jury were out three hours without being able to find a verdict, while on the question of larceny they immediately agreed.

### *Larceny not included in burglary.*

It is proper to add in this connection that the learned Judge of the Court below was mistaken in supposing, as he seems to have done, that this case was within the four hundred and twenty-fourth section of the Criminal Practice Act, which provides that "in all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." * * * Larceny is not necessarily included in burglary, like manslaughter in murder, within the sense of the statute; on the contrary it is no part of it. The offense of burglary is complete without any larceny being committed. The relation contemplated by the statute does not exist between burglary and such other felony, if any, as may chance to be committed by the defendant at the same time.

Judgment reversed and a new trial ordered.

Mr. Justice SAWYER delivered the following dissenting opinion, in which Mr. Justice SHAFTER concurred:

I am unable to concur with a majority of my associates in respect to the point upon which the judgment is reversed.

The Court having charged the jury, they retired, in custody of an officer, to consider the case. After deliberating some three hours without being able to agree upon a verdict, the jury were called into Court by direction of the Judge, and a further charge given, as follows: " The indictment in this case covers two offenses, burglary and grand larceny. Of the two offenses burglary is the highest, and includes the larceny. You may therefore in this case, if the evidence warrants you in so doing, find the defendant guilty of burglary; or, if you do not find from the evidence that the defendant was guilty of the crime of burglary, but you do find from the evidence that he was guilty of the crime of grand larceny, you may so return your verdict accordingly." The defendant objected and excepted: firstly, to the giving of any further charge after the jury had once retired; and secondly, to the charge as erroneous. As to the first objection, section four hundred eight of the Criminal Practice Act provides that, if after the jury have retired for deliberation, " They desire to be informed on any point of law arising in the case, they must require the officer to conduct them into Court;" and it thereupon makes it the duty of the Court to give the information. Thus the Court is authorized and required, in certain contingencies, to give a further charge. In this case the Court gave further information upon a point of law, and we do not think the authority of the Court was in any respect transcended, even if there was no request on the part of the jury to receive further information.

At common law it was admissible for the Judge to give a further charge after the jury had retired, provided it was given in open Court, and it was often done privately by the Judge. But the latter practice has been very properly condemned. (2 Grah. N. Tri. 356, *et seq.; Kirk* v. *State*, 14 O.

512.) There is nothing in our Criminal Practice Act, expressly or by implication, prohibiting the giving of a further charge in open Court after the cause has been once submitted to the jury. The Act simply gives the jury the right, when further information is desired, to " require the officer to conduct them into Court " for the purpose of asking the required information, without limiting the authority of the Judge to direct them to be brought in for the purpose of giving further information on his own motion.

But the Court said: " The indictment in this case covers two offenses—burglary and grand larceny. Of the two offenses burglary is the highest, and includes the larceny." And it is insisted that the expression " burglary is the highest " is erroneous, for the reason that the degree must be determined by the severity of the punishment, and the imprisonment for larceny may be for a longer period than for burglary. But, however this may be, the particular statement is wholly immaterial and could not have affected the verdict. The important question was whether the indictment in fact embraced the crime of grand larceny; and it is perfectly clear that it did. It charges that the said defendant " forcibly, feloniously and burglariously did break and enter with intent the goods, chattels, etc., in said house, etc., feloniously, forcibly and burglariously to steal, take and carry away, etc., and then and there forcibly, feloniously and burglariously did steal, take and carry away," etc. The *whole* charge included a burglary and larceny—a *part*, a larceny included within the whole. No question is made as to the propriety of including the two offenses in the same indictment.

As to the proposition that the case was tried upon the theory that the indictment charged a burglary only, I only deem it necessary to say, that the evidence, as well as the indictment, covers both offenses, and that we do not know that the case was tried upon such theory. An ox had been slaughtered in the evening and hung up in an outbuilding, the door of which was closed and locked, and the key deposited in a place accessible to any party knowing where it was. The

parties who committed the larceny by some means effected an entrance into the building, as the beef could only have been taken out by means of such entrance. If a larceny was committed, there must necessarily have been a burglary also, within the statutory definition of that offense. In view of this state of facts the Court, in all probability, did not deem it necessary to refer to the charge of larceny in the first instructions given, for the reason that, upon the evidence, if the defendant was guilty of any offense at all, he must necessarily have been guilty of burglary, as well as larceny; and the Court regarded the burglary as the higher offense. If the evidence had been, or could in the nature of things have been different with respect to the two offenses charged, there might be some force in the suggestion, if true, that the defendant was only tried for the burglary. But, in this instance, the evidence proving the burglary necessarily proved a larceny, and the evidence proving the larceny necessarily proved a burglary. The jury had no difficulty in convicting of the larceny, and it is difficult to account for their acquittal of the burglary upon any other theory than that they labored under some misapprehension as to what constitutes burglary. The evidence tended to show that one of the parties knew where the key to the outhouse was kept, and that the key was probably obtained, and after unlocking the door and taking the beef returned to its place. It may be that the jury supposed the entrance to have been made in this mode, and, under a misapprehension of the charge, that, as the entrance was effected without violence, it did not constitute a burglary. But it is useless to speculate upon the matter. The Court correctly stated that the indictment covered both a burglary and a larceny, and the evidence was as clearly applicable to a charge of larceny as burglary, and, I think, proved both offenses. Had the prisoner been tried for a larceny alone, the evidence must necessarily have been the same. The evidence being sufficient, the defendant was properly convicted of grand larceny under the indictment. (*People* v. *Frank*, 28 Cal. 507 ; 1 Bishop Crim. Law, Secs. 251, 539, 539 *a,* 540, 687, 688, and

cases cited in Notes; 2 Ib. 96.)    I think the judgment should be affirmed.