[Crim. No. 2173.   Third Dist.   May 29, 1950.]

THE PEOPLE, Respondent, v. JESSE WEATHERS, Appellant.

822

Jesse Weathers, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appearing in his own behalf has appealed from the judgment sentencing him to imprisonment for the term prescribed by law, which was entered following the verdict of a jury finding him guilty of burglary in the second degree. While the notice of appeal states that the appeal is from the order denying appellant's motion for a new trial as well as from the judgment, the record does not disclose that a motion for a new trial was made or denied, and therefore the appeal from such purported order must be dismissed.

In seeking a reversal of his conviction defendant raises numerous arguments; however, it appears that his attack upon the judgment is predicated essentially upon the alleged insufficiency of the evidence generally.

The record shows that at approximately 6 o'clock a. m. on February 28, 1949, Governor C. Joe, a bartender at the New Bank Café in Sacramento, arrived at said café to commence his daily shift. Upon hearing noises at the rear of the place he looked through a window in the door and observed a person inside the café. In response to his telephone call

Officers Alexander and Bryam arrived within a few minutes. Both of the officers testified that the man they saw inside of the café was the defendant and that they observed him ''working'' on a juke box with a pinch bar. While Officer Bryam went to the rear of the café through an adjoining shoeshine shop Officer Alexander and the bartender entered the front of the café. As they did so, the appellant ran to the rear. He was apprehended by Officer Alexander when his leg became caught in a hole in a partition of the building through which he was attempting to escape into the adjoining shoeshine shop. In the meantime Officer Bryam apprehended the defendant's accomplice in the rear adjoining storeroom where he had been hiding. Appellant was then permitted to proceed through the hole in the partition into the shoeshine shop where Officer Bryam was holding the accomplice. Keeping his prisoners covered with his gun, Bryam backed out of the room. Just as they reached the doorway defendant knocked the officer off balance by pushing his companion against him. Defendant then broke and ran, and while the police officer fired several shots he effected his escape. He was apprehended several months later in Oakland.

The foregoing evidence, viewed in the light most favorable to the respondent, is more than sufficient to establish appellant's entry and his intent to commit larceny (see *People* v. *Dreyer*, 71 Cal.App.2d 181 [162 P.2d 468]), and hence sufficient to sustain appellant's conviction of the crime of burglary.

Appellant, however, contends that he could not have committed the offense in view of the testimony of one of his witnesses that he had spent every night at her home in Oakland from February 23, 1949, to the date of his arrest. Such testimony presented no more than a conflict in the evidence and did not render the testimony of the prosecution witnesses inherently improbable. ■ The weight to be given to the testimony of the witnesses, whether in support of an alibi or otherwise, and their credibility, present questions for the determination of the jury which is binding upon this court on appeal. (See *People* v. *Tomasello*, 76 Cal.App.2d 645 [173 P.2d 676].)

Appellant also refers to minor discrepancies in the testimony of the witness Governor C. Joe as to whether or not the juke box had been moved, which discrepancies appellant urged rendered such testimony untrustworthy. ■ Although the point so raised is of minor significance, since the moving of the juke box was established by other witnesses, nevertheless it may be well to reiterate the well established rule that conflicting

statements by a witness do not prevent the jury from considering and weighing his testimony (*People* v. *Mooney*, 177 Cal. 642 [171 P. 690]), and as above stated its determination thereon is binding upon this court on review.

■ Appellant further urges that it would have been impossible for him to have passed through the hole in the partition which was only 12 inches wide, and that the testimony of the police officers that he did so is therefore inherently improbable. The record contains absolutely no evidence whatever to indicate that appellant's physical proportions were such as would have prevented him from passing through the opening, and in the absence thereof we are unable to consider appellant's contention in this regard. Moreover, appellant was present in the courtroom during his trial subject to observation by the jury which presumably must have considered appellant's size in considering the challenged testimony.

■ It is next urged by defendant that the identification of himself as the person inside the café is insufficient since one of the officers who identified him was uncertain as to whether he used a flashlight, and that without the use of a flashlight it was hardly possible to identify a person under the light conditions he contends existed at the time of the alleged crime, and since a witness may be easily mistaken the identification in the present case was insufficient. In considering this contention it is sufficient to note that the officer testified that he did shine his flashlight directly upon appellant in the café, and that he positively identified the defendant as did the other officer. Additionally it may be said that the question of identification is one for the jury and as on any other factual question its determination thereon will not be disturbed on appeal. (*People* v. *Finkel*, 70 Cal.App.2d 508 [161 P.2d 298].)

■ Appellant lastly argues that the police investigation of the crime was conducted in an unscientific manner and that the real perpetrator of the offense was therefore not discovered. The prosecution is not compelled to make such investigations or to produce additional evidence (8 Cal.Jur. 227), and in view of the evidence of appellant's guilt the verdict of the jury may not be set aside upon such a ground.

The judgment is affirmed, and the purported appeal from the order denying defendant's motion for a new trial is dismissed.

Adams, P. J., and Van Dyke, J., concurred.