[Crim. No. 3789.   First Dist., Div. Two.   Oct. 24, 1960.]

THE PEOPLE, Respondent, v. RAYMOND O. EDWARDS, Appellant.

Alfred J. Hennessy for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

DRAPER, J.—After a jury found him guilty of burglary of a locked automobile (Pen. Code, § 459) defendant's motion

for new trial was granted. On retrial, a jury again found him guilty of burglary. He appeals.

Appellant's claim of insufficiency of the evidence rests upon conflicts and contradictions in the testimony of prosecution witnesses as to the route followed by police officers in pursuit of appellant. These conflicts, however, were to be resolved by the jury (*People* v. *McAuliffe*, 154 Cal.App.2d 332, 339 [316 P.2d 381]), which determines the credibility of the witnesses and the weight to be given their testimony (*People* v. *Weathers*, 97 Cal.App.2d 821, 823 [218 P.2d 545]). More important, little significance can be assigned to the pursuit route, since one witness directly identified appellant as one of the two men he saw removing articles from the automobile, and the stolen articles were in his possession on his arrest shortly after the burglary.

When called to the stand, a prosecution witness gave a San Francisco address. On cross-examination he admitted that he was presently confined in the Alameda county jail. Appellant charges the district attorney with "knowingly putting on witnesses to testify falsely," thus "concealing evidence favorable to the defense." He asserts that such misconduct requires reversal. But there is no foundation for the claim. There is no showing whatever that the prosecutor procured or encouraged the witness' misstatement of his address. In any event, the defense obviously was not misled, but brought out the true facts and had full advantage of any effect they may have had on the jury. A like charge of misconduct by the prosecutor is based upon the conflicts in testimony as to the route followed by officers who pursued appellant immediately after the burglary. This charge is similarly baseless.

Appellant purports to appeal from an order denying new trial. No motion for new trial was made, and this portion of the appeal is dismissed.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 21, 1960.