[Crim. No. 11241.   Second Dist., Div. Two.   Aug. 10, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. STEVEN ETIENNE PSHEMENSKY, Defendant and Appellant.

[redacted]

Al Matthews for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Michael R. Marron, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment convicting him of involuntary manslaughter,[1] and argues (1) that the evidence is legally insufficient to support the judgment; (2) that evidence obtained by means of an illegal search and seizure was improperly admitted; and (3) that evidence as to his statements to the police was received in violation of the rules enunciated in *People* v. *Dorado,* 62 Cal.2d 338 [43 Cal.Rptr. 169, 398 P.2d 361]. We find no merit in these contentions.

Pursuant to stipulation a jury trial was waived and the case was submitted to the trial court upon the evidence taken at the preliminary hearing and the additional testimony introduced by the prosecution and by the defendant at the trial.

The evidence establishes that on the afternoon of September 25, 1964, one Harry Torrey was killed by a bullet fired from appellant's .22 caliber Winchester rifle. The bullet struck the decedent in the neck while he was repairing a television antenna on the roof of an apartment building located in the heavily populated Hollywood area. Appellant at all times freely admitted that on occasion he had fired his rifle at the birds which frequented an avocado tree standing in the direct line of sight between the sun porch of his apartment and the roof of the building on which Mr. Torrey met his death. By way of defense appellant testified that although he had killed birds both on the morning and afternoon of the day following the homicide, he had not fired the rifle on the previous day. He further testified that although he had a large supply of regu-

---

[1]Penal Code, section 192, subdivision 2.

lar .22 caliber ammunition in his apartment, he had used a special "weak-charge" cap when he fired the weapon into the out-of-door airspace in the vicinity of his sun porch.

The coroner's report indicates that Mr. Torrey was killed some time between 12:30 p.m. and 4:30 p.m. during the afternoon of September 25, 1964. The decedent's wife testified that she went up to the roof at approximately 4:15 p.m. to call Mr. Torrey to dinner but did not see him. Later, around 5 p.m., when she became concerned because they had scheduled dinner for 4:30, she again went up to the roof and then discovered his dead body. Appellant offered alibi testimony concerning his activities during the period from approximately 3:45 p.m. until after 5 p.m. which, if accepted by the trier of fact as true, would have tended to prove that he had not been in his apartment to fire the fatal shot during that period of time.

. It is immediately apparent that appellant's contention regarding the sufficiency of the evidence presents nothing for appellate review. "Each defendant called several witnesses in his behalf in an attempt to establish an alibi. It is apparent the [trier of fact] did not believe these witnesses or the defendants' version of where they were at the time of the commission of the [homicide].       'The weight to be given to the testimony of the witnesses, whether in support of an alibi or otherwise, and their credibility, present questions for the determination of the [trier of fact] which is binding upon this court on appeal. [Citation.]' " (*People* v. *Johnson,* 210 Cal.App.2d 273, 276 [26 Cal.Rptr. 614]; see also, *People* v. *Williams,* 53 Cal.2d 299, 303 [1 Cal.Rptr. 321, 347 P.2d 665].)

In addition, appellant's defense of alibi is founded entirely upon the assumption, unwarranted for purposes of appellate review, that because the decedent's wife testified that her husband wasn't on the roof at 4:15 p.m., it must be taken as a conclusively established fact that his death occurred after that time. The fallacy of this assumption is apparent. The record discloses no inquiry to show the physical nature of the wife's field of vision or the extent or nature of her observations upon the roof during either of her two trips thereto. It is more than a possibility that a person might fail to observe a body lying in a not-to-be-expected supine position upon a roof and reach a natural conclusion that "he was not there." Obviously, however, such a testimonial conclusion would prove only that the witness had not observed the body.

In the instant case the trial judge, with appellant's consent

and in his presence, made a visual inspection of the premises as authorized by section 1119 of the Penal Code. From this inspection the court, in its capacity as trier of the fact, might have concluded either that the decedent's wife of necessity would have seen the body if she had looked out upon the roof or that, on the contrary, not expecting such a condition, she might well have failed to observe it. As stated in *Key* v. *McCabe*, 54 Cal.2d 736, 739 [8 Cal.Rptr. 425, 356 P.2d 169]: "In addition to the above evidence sustaining the findings of the trial court, the trial judge, before making his findings, viewed the premises and property in question. ▪ This view constituted substantial evidence in support of the questioned findings, the rule being established that the trier of fact's view of an area is independent evidence which can be considered by him in arriving at his conclusion and is substantial evidence in support of findings consonant therewith. [Citations.]"

▪ However, we need not resort to the evidence presumptively supplied by the court's view of the premises to establish adequate support for the implied findings of the court in the instant case because, as indicated, it was entirely within the province of the trier of the fact to evaluate and accept or reject the accuracy and reliability of the estimates of time made by the witnesses called for the purpose of proving appellant's alibi.

▪ Appellant's arguments regarding the impropriety of the conduct of the police in connection with their investigation of this matter are entirely without merit. On the afternoon following the killing, a man who lived next door to appellant heard a rifle shot and saw feathers falling from the top of the avocado tree at the rear of appellant's residence. He became frightened and telephoned the police. In response to this call, the police went to the indicated location to investigate. Upon finding two dead birds in the garbage can behind the building occupied by appellant, together with a letter with appellant's address upon it, the police quite properly went to appellant's apartment to investigate further. (*People* v. *Michael*, 45 Cal.2d 751, 753-754 [290 P.2d 852].)

It is undisputed that after the officers identified themselves, appellant readily invited them in and voluntarily produced his .22 caliber rifle and ammunition for their inspection. It is doubtful that any search is disclosed by the facts of the instant case, but, in any event, appellant's voluntary and unqualified consent thereto is clearly shown by the evidence.

158

(*People* v. *Carrillo,* 64 Cal.2d 387, 392-393 [50 Cal.Rptr. 185, 412 P.2d 377].)

Appellant made no incriminating statements during the investigation conducted at his house other than to indicate his ownership of the guns and the ammunition which he voluntarily showed to the investigating officers. He denied firing the gun on the day in question and he denied that he had used regular .22 caliber ammunition at any time while firing at birds outside his house. He repeated these same statements after he had conferred with his counsel and again at the trial. This record shows no violation of the rule enunciated in *People* v. *Dorado, supra,* 62 Cal.2d 338. Moreover, assuming that the investigation had become accusatorial in nature prior to his actual arrest and prior to the time he was advised concerning his constitutional rights, nevertheless it is obvious that no possible prejudice could result from evidence of statements which were consistent with his defense and which he reiterated in his testimony at the trial. (*People* v. *Mathis,* 63 Cal.2d 416, 432-433 [46 Cal.Rptr. 785, 406 P.2d 65].)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 4, 1966.