[Crim. No. 23030. Second Dist., Div. Two. Sept. 17, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MILTON STEWART, Defendant and Appellant.

## COUNSEL

Robert Milton Setwart, in pro. per., and Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, William R. Pounders and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellant Stewart convicted by a jury of burglary in the second degree, appeals from the judgment entered on the verdict.

A burglary of a coffee shop in Bell Gardens occurring some time after 1 p.m. on September 2, 1972, was discovered in the early morning of the next day. Six rolls of pennies in distinctive wrappers and a $10 roll of half dollars wrapped in tin foil were stolen.

In the evening of the same day appellant cashed six rolls of pennies in identical distinctive wrappers and $10 in half dollars wrapped in tin foil at a bar, two doors from the coffee shop.

Appellant planned to testify but he had sustained five prior felony convictions: grand larceny in 1951; burglary in 1957; concealed weapons in 1962; burglary in 1963; and burglary in 1967. Therefore, invoking Evidence Code sections 788, 352; (*People* v. *Beagle* (1972) 6 Cal.3d 441, 451 [99 Cal.Rptr. 313, 492 P.2d 1]), he requested the court for an order prohibiting the use of all or any of them to impeach his testimony. The court ruled that it would permit the use of prior convictions for impeachment, but stated concurrently it would not permit the use of the 1962 conviction of carrying a concealed weapon. Appellant elected not to testify and now claims the court abused its discretion. He argues that the prior burglaries did not inherently or necessarily show deceit, dishonesty or untrustworthiness, and that except for the 1967 burglary they were too remote.

Appellant misconstrues *Beagle,* which at page 452, makes clear that section 788 of the Evidence Code is "indeed the only exception, to the rule that 'evidence of specific instances . . . to prove a trait of . . . character is inadmissible to attack or support the credibility of a witness.'"
*Beagle* emphasizes that the use of the word *may* in section 788 must be read in connection with section 352 of the Evidence Code and clearly holds "'[t]he statute . . . leaves room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case.'" *Beagle,* at page 453, then sets forth guidelines suggesting that felonies involving acts of deceit, fraud, cheating, or stealing generally reflect on honesty and integrity and have a bearing on veracity whereas violent and assaultive crimes do not.

Appellant's basic premise is that before the prosecution may use a prior burglary for impeachment, it must make a showing that the prior involved some element of dishonesty or fraud, and that burglary per se,

without added proof of specific intent to steal does not involve deceit, fraud, cheating, etc. Only after entry is made and a theft committed is the element of dishonesty present. Appellant, however, burdens the wrong party. If a defendant in a criminal action can show that the prior burglary was for some other type of criminal conduct such as entering a house with intent to commit an assault with a deadly weapon (see, e.g., *People* v. *Clifton* (1957) 148 Cal.App.2d 276 [306 P.2d 545]), it is incumbent upon defendant to make that showing. No such showing was made. There was no abuse of discretion. (Evid. Code, § 788; *People* v. *Delgado* (1973) 32 Cal.App.3d 242, 250 [108 Cal.Rptr. 399].)

■ Appellant also argues the prior convictions were too remote. *Beagle,* although conceding that time is a factor, nevertheless holds that priors involving deceit, fraud, etc. do have a bearing on credibility, and that it is for the court to determine in respect of each prior if the probative value of the prior involved is substantially outweighed by the risk of undue prejudice. (*People* v. *Beagle, supra,* 6 Cal.3d pp. 447, 452-453.) Remote convictions are not disregarded merely because they are remote. (Evid. Code, §§ 788, 352.) The question of remoteness is an element to be considered in the context of its probative value on the issue of credibility and whether or not the probative value of the prior will be outweighed by its prejudicial effect. (Evid. Code, § 352.) Such decision may be at times sensitive, but it is in reality no different from a decision often made by trial courts in deciding whether the probative value of gruesome pictures are outweighed by their prejudicial effect. (See, e.g., *People* v. *Milan* (1973) 9 Cal.3d 185, 194 [107 Cal.Rptr. 68, 507 P.2d 956].)

It appears at bench that in intervals of five to six years appellant had been convicted of burglary or larceny, the last conviction being approximately five years prior to the time of the offense at bench. The priors did have a definite bearing on appellant's credibility, although their admission for impeachment obviously was pregnant with the danger that the jury might infer that "since he did it before he probably did it again." (See *People* v. *Beagle, supra,* at p. 453.) It is precisely because of this danger the trial judge is clothed with the discretion to prevent the use of a prior. (*People* v. *Beagle, supra;* Evid. Code, § 352.) At bench the trial court duly weighed the mandate of *Beagle,* particularly when the court stated: "No witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity." (6 Cal.3d at p. 453.)

Defendant made no offer of proof suggesting even remotely what his testimony would be if he took the stand. No proposed pertinent evidence was submitted to the trial court to assist it in the exercise of its discretion.

(See *People* v. *Beagle, supra,* 6 Cal.3d at p. 453.) It is conceivable that with an offer of relevant proof, the court, in the exercise of its discretion would have ruled that not all of the priors could be used for impeachment. On the inadequate record before us, and in light of the prior convictions and periodicity with which they appear, we cannot say that the court abused its discretion.

■ Appellant urges error because the trial court failed to instruct *sua sponte* on the crimes of petty theft. (Pen. Code, § 488) and receiving stolen property. (Pen. Code, § 496.) He asserts that the trial court is required to instruct on the general principles of law relevant to the issues raised by the evidence even though not requested to do so. (*People* v. *Perry* (1972) 7 Cal.3d 756, 788 [103 Cal.Rptr. 161, 499 P.2d 129]; *People* v. *Hood* (1969) 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370]); and since there was evidence from which the jury could find that appellant had either committed the theft or received the property from the person who had in fact stolen it, he was entitled to the instructions.

Appellant in effect asserts that even though he was not entitled to the instructions under the doctrine of lesser included offenses (*People* v. *Hamilton* (1967) 251 Cal.App.2d 506 [59 Cal.Rptr. 459]), he was entitled to have the instruction since the court is required to instruct on general principles of law relevant to the case. ■ Appellant misconstrues the doctrine requiring the court to give instructions. (See, e.g., Pen. Code, § 1127; *People* v. *Hood, supra.*) The "principles of law relevant to the case" obviously refers to correct instructions on the crime with which the defendant is charged (*People* v. *Iverson* (1972) 26 Cal.App.3d 598 [102 Cal.Rptr. 913]), special evidentiary instructions such as that an oral admission of a defendant should be viewed with caution (*People* v. *Henry* (1972) 22 Cal.App.3d 951, 957 [99 Cal.Rptr. 723]), instructions on necessarily included offenses (*People* v. *Hood, supra*) or any other instructions that justice would require be given to the jury for a proper determination of the case.

When the evidence shows that the defendant might have committed a different offense other than that for which he is on trial, and the other offense occurred at about the same time but is not necessarily included in the offense charged, the other crime is not relevant to the case on trial, and, in general, an instruction thereon need not be given. This is for the reason that the prosecutor is not required to charge all possible offenses that the defendant might have committed. At issue at the trial are the crimes actually charged and any offenses necessarily included therein. As to those offenses the jury may find him not guilty if it determines he has not

committed the offenses. Whether or not he has committed other uncharged offenses at the same time has no relevancy.[1] ■ At bench, the charge was burglary. The crimes of petty theft and receiving stolen property were not necessarily included therein and thus there was no error in failing to instruct on those two crimes. (*People* v. *Hamilton, supra.*)

■ The next contention is that the references to the screwdriver were the result of an illegal search and seizure and should have been suppressed. No objection was made to this evidence and we do not review it. (*People* v. *Welch* (1972) 8 Cal.3d 106 [104 Cal.Rptr. 217, 501 P.2d 225].)

■ Finally, appellant contends that there is no substantial evidence to support the conviction of second degree burglary. He argues that there was neither direct nor circumstantial evidence from which the jury could infer his presence at the scene of the burglary and thus he should have been acquitted. The jury, as is required by law, made this determination. Defendant asks this court to reweigh the evidence. Our sole function is to determine if there was substantial evidence to support their verdict. (*People* .v. *Reilly* (1970) 3 Cal.3d 421 [90 Cal.Rptr. 417, 475 P.2d 649].)

At bench, the evidence showed that the burglary occurred some time after 1 p.m. on Saturday. Among the missing items were a roll of half dollars totaling $10 which were wrapped in tin foil and six one dollar rolls of pennies and various other change in quarters, dimes and nickels. Less than six hours later appellant, who lived in the same hotel where the coffee shop was located, exchanged six rolls of pennies and various other coins in quarters, dimes and nickels in a bar, two doors from the scene of the burglary. When asked by a waitress where he obtained the money appellant stated he won it in a poker game. Concurrently, appellant approached the owner of the bar and exchanged $10 worth of half dollars which were wrapped in tin foil and $5 worth of dimes. Later, appellant returned with assorted coins consisting mostly of quarters. The six rolls of pennies used in the exchange of money had been rolled in wrappers containing the marking "Little Mexico Curio Shop." The jury had a sufficient basis from which to infer that appellant exchanged the same money that had been stolen from the coffee shop approximately six hours prior to the time that he began to exchange coins for currency. Appellant was in the immediate vicinity of the place burglarized, and finally, there was evidence that the door to the coffee shop had marks resembling those which

---

[1]Of course, since the other crimes occurred at the same time and were not included in the same pleading the prosecutor may be barred from ever trying the defendant on those charges. (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]; Pen. Code, § 654.)

might be made by a screwdriver found in his hotel room in the same building as the coffee shop after defendant's arrest.

It is settled that recent possession of stolen property is so incriminating that only slight corroboration is needed to support a conviction. (*People* v. *McFarland* (1962) 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449].) The corroboration is supplied by the property itself, and appellant's manner of disposing it. (See, e.g., *People* v. *Dickerson* (1969) 273 Cal.App.2d 645 [78 Cal.Rptr. 400].) At bench the property taken can be readily broken into three separate categories: (1) the half dollars wrapped in silver; (2) the six rolls of pennies with the distinctive wrapping and (3) the miscellaneous change.

Possession of the pennies and the half dollars provide a high probability that the person who had these items was indeed the thief. If either the half dollars or the pennies were separately possessed, the probability of burglary by a possessor would not be so great, but the fact that the only two distinctive items taken in the burglary are possessed by the same individual indicates a solid probability that the possessor is the thief. The explanation given to the waitress merely created a conflict in the evidence for the jury to weigh in determining guilt or innocence. Since the jury found appellant guilty this court will not substitute its verdict for that of the jury. (*People* v. *Newland* (1940) 15 Cal.2d 678 [104 P.2d 778].)

Appellant filed a supplemental brief with this court in addition to that filed by his court-appointed counsel. We have examined the contentions raised therein and find them to be without merit.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied October 11, 1973, and appellant's petition for a hearing by the Supreme Court was denied November 15, 1973.