[Crim. No, 23862. Second Dist., Div. Two. Feb. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE CHARLES JACKSON, Defendant and Appellant.

■

**COUNSEL**

Michael Spiegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Howard J. Schwab and Edward T. Fogel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant Lonnie Jackson, found guilty by a jury of two counts of first degree robbery (Pen. Code, § 211a) and two counts of using a firearm during the commission of the robberies (Pen. Code, § 12022.5), appeals from the judgment entered pursuant to the verdict.

At noon on September 8, 1972, a lone gunman who on two previous occasions in the company of a female companion had visited and "cased" a jewelry store at 11300 Santa Monica Boulevard in the City of Los Angeles, entered the store and in the presence of three customers robbed the owner and his wife of approximately $20,000 in jewels and cash and escaped.

As a result of identification of appellant's photo, appellant was arrested on about January 10, 1973, and charged with the robberies of which he was convicted.

At trial the owner of the jewelry store made a positive identification of appellant. Defense counsel, to impeach the positive identification, established that at the preliminary hearing the owner had stated that appellant merely resembled the robber. Defense counsel then inquired directly for an explanation and the owner replied that on the day before the preliminary hearing his wife had received a threatening phone call and that he was frightened when he testified at the preliminary hearing.

The wife at the trial also identified appellant as the robber and defense counsel established that at the preliminary hearing, she, too, testified that appellant resembled the robber. When asked for the reason for the change she also stated that equivocal testimony at the preliminary had been engendered by fear because of a phone call threatening her and her family. Appellant was not connected with the phone call. ■ Defense counsel

moved for a mistrial contending that the probative value of the phone call evidence was outweighed by its prejudicial effect and therefore it was error to permit its introduction. (Evid. Code, § 352.)

The question of why there had not been a positive identification at the preliminary hearing was relevant and probative in light of the positive identification made at trial and the explanation was also relevant and probative. Appellant was entitled to and the court was obligated to give a cautionary instruction to the jury in connection with said testimony, had one been requested. (Evid. Code, § 355.) No such request was made. (2) Questions of admissibility of evidence are primarily for the trial court. (*People* v. *Arline* (1970) 13 Cal.App.3d 200 [91 Cal.Rptr. 520].) In the absence of an abuse of discretion its rulings will not be disturbed. ▆ It would not be in the interests of justice to encourage trial counsel to forego the use of codified and procedural rights to protect a client's interests in the hope that failure to use a remedy immediately available may be magnified into an error justifying a mistrial. Appellant's motion for a mistrial was properly denied.

Appellant was also charged with five prior felony convictions; robbery in 1970; attempted burglary in 1970; burglary in 1970; receiving stolen property in 1970; and car theft in 1970. The priors were admitted by appellant. ▆ Appellant moved pursuant to *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1] requesting permission to take the stand under immunity from impeachment by use of the priors. The prosecutor offered not to use the prior robbery, but appellant was adamant in arguing that he should be allowed to testify free of the use of any priors for impeachment. The court denied the motion and appellant rather than risk impeachment chose not to take the stand. Appellant contends the court abused its discretion in its ruling.

In *People* v. *Stewart* (1973) 34 Cal.App.3d 244, 248-249 [109 Cal.Rptr. 826] discussing *Beagle,* we stressed the importance of making an offer of proof to help the trial judge exercise a proper discretion. *Beagle* is the beginning of the discretionary process, and not its end. *Beagle* allows the court to exercise its discretion, it does not compel it. When appellant treats *Beagle* as the end of the discretionary process and does not make an offer of proof to enable a court to determine why it may be judicially fair for the jury to permit a defendant to testify without impeachment by priors and that particular need is not clear from the record, we will not find there has been a meaningful invocation of judicial discretion and we cannot find an abuse of discretion. (Accord, *Hood* v. *United States* (1966) 365 F.2d 949, 951 [125 App.D.C. 16].) An offer of proof is important since in

the absence of such an offer the rule is that a defendant/witness is subject to being impeached by any prior felonies. (*People* v. *Beagle, supra,* 6 Cal.3d at p. 453.) It is not evident from the record and there was no representation to the trial court as to what appellant's testimony would be, or why it was important in this case that the court's discretion should be exercised to prohibit use of any or all of the prior convictions for impeachment purposes. Instead counsel merely chose to cite *Beagle* which makes it clear that a defendant/witness is impeachable through the use of prior felony convictions and provides that a trial judge may prevent their use in his discretion as the circumstances in a case appear to warrant. (*People* v. *Beagle, supra,* 6 Cal.3d at p. 452.)

We note that five defense witnesses testified for appellant and two of those witnesses testified directly on the alibi defense presented by appellant. A third witness to buttress the defense testified in support of evidence already given. Thus a defense was presented to the jury. In the absence of a showing of judicial unfairness to permit an appellant to testify free of impeachment by priors we cannot say that the court abused its discretion. (Compare *Hood* v. *United States, supra; Evans* v. *United States* (1968) 397 F.2d 675 [130 App.D.C. 114].)

Appellant urges that Penal Code section 654 barred a sentence for violating Penal Code section 211 (robbery) and a sentence for violating Penal Code section 12022.5 (use of a firearm in the commission of a robbery). Section 654, he asserts, prohibits multiple punishment for the same act and to punish him for the robbery and enhance that punishment because of the use of a firearm amounts to a dual punishment for the same act. This contention has been rejected. (*People* v. *Henry* (1970) 14 Cal. App.3d 89, 92-93 [91 Cal.Rptr. 841]; *People* v. *Chambers* (1972) 7 Cal.3d 666, 671-673 [102 Cal.Rptr. 776, 498 P.2d 1024].)

Appellant's other contentions have been examined and found to be without merit.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.