[Crim. No. 21761. First Dist., Div. One. Nov. 10, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
WINSTON HILLARD KEMPER, Defendant and Appellant.

COUNSEL

Paul D. Seeman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney Gen-

eral, W. Eric Collins and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**RAGAN, J.**[*]—Winston Hillard Kemper appeals from a judgment of imprisonment which was rendered after a jury found him guilty of violating Penal Code section 459, first degree, enhanced by his admission of a prior felony conviction of Penal Code section 496.

### Facts

After properly securing all doors of an empty sorority house, the housemother activated the burglar alarm system and went to sleep. She was awakened at 4:30 a.m. by the sound of the burglar alarm. She called the police who responded and found the appellant hiding on the floor of a closet under some robes.

### Discussion

I. *Was impeachment of appellant's credibility by use of a prior conviction of Penal Code section 496 properly allowed?*

During trial, appellant moved to exclude the use of a prior conviction of Penal Code section 496 (receiving stolen property) for purposes of impeachment. He argued several bases for the exclusion: (1) the prior conviction was six years old; (2) the prior is closely related and similar to the charge of burglary; and (3) it was a closely balanced case. The trial judge spent much time deciding this issue and took into consideration the applicable criteria for allowing its use for purposes of impeachment.

The trial court specifically found that this six-year-old prior conviction was not too remote. (See *People v. Boothe* (1977) 65 Cal.App.3d 685 [135 Cal.Rptr. 570].) The record before the trial court revealed that appellant admitted a subsequent prior 1977 conviction for burglary, establishing that he had not lived a legally blameless life since

---

[*]Assigned by the Chairperson of the Judicial Council.

the 1974 prior conviction, a factor that should be considered indetermining remoteness. (See *People* v. *Beagle* (1972) 6 Cal.3d 441, 53 [99 Cal.Rptr. 313, 492 P.2d 1]; *People* v. *Wilson* (1975) 50 Cal.App.3d 811, 818-819 [123 Cal.Rptr. 663].)

Though the crimes of receiving stolen property and burglay have certain similarities, both relating to theft, cases hold that violtion of Penal Code section 496 reflects adversely upon the perpetrator' honesty and integrity and bears significantly on the issue of credibity and have allowed it for impeachment of a defendant in a burglay case. (*People* v. *Lassell* (1980) 108 Cal.App.3d 720 [166 Cal.Rpt. 678]; *People* v. *Banks* (1976) 62 Cal.App.3d 38 [132 Cal.Rptr. 751.)

The trial court went through a balancing procedure, findin that it was not a close case and that the appellant was going to testif regardless of the impeachment by the use of the prior conviction, a actor to consider. (*People* v. *Keating* (1981) 118 Cal.App.3d 172, 80 [173 Cal.Rptr. 286].) ■ A prior felony conviction of a witness my be introduced for the purpose of attacking the credibility of tha witness (Evid. Code, § 788). The trial court is invested with discretin to exclude it when its probative value is outweighed by the risk of undue prejudice. (*People* v. *Beagle, supra*, 6 Cal.3d 441.) Among th factors weighing against admissibility are remoteness in time and similarity to the charged offense. (*People* v. *Roberts* (1976) 57 Cal.Ap.3d 782, 788-789 [57 Cal.Rptr. 782].)

■ The trial court properly exercised its discretion.

On appeal, an additional argument is presented, namely, the parts of Penal Code section 496 relate to liability of secondhand ealers in which traits of honesty and veracity are not directly involvec and for this reason it should not be used for impeachment without theprosecution establishing the actual subdivision of Penal Code section496 that was violated.

Appellant made no claim of this below, which would have given the district attorney an opportunity to rebut it, nor is there any evidence that he was convicted as a secondhand dealer.

■ An appellate court ordinarily will not consider erroneos rulings in connection with relief sought or defenses asserted where an objection could have been, but was not presented to the trial court. It isunfair to

the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184 [151 Cal.Rpt. 837, 588 P.2d 1261]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 276, pp. 4264-4265.)

However, *People v. Keating, supra*, 118 Cal.App.3d 172, decided by this court, has held it is the prosecution's burden to show that the prior conviction did involve theft, in a case where the prior was a burglary. (See contra, *People v. Stewart* (1973) 34 Cal.App.3d 244, 247-248 [109 Cal.Rptr. 826] (Second District); *People v. Benton* (1979) 00 Cal.App.3d 92, 97 [161 Cal.Rptr. 12] (Second District).)

Therefore, we find it necessary to determine whether or not subdivisions 2 and 3 of Penal Code section 496 involve the trait of dishonesty so as to bear significantly on the issue of credibility.

As with subdivision 1 of Penal Code section 496, the subdivisions relating to secondhand dealers (and swap meet vendors) require the element of knowledge that the goods are stolen. The difference is in the manner of proof. Subdivisions 2 and 3 raise a rebuttable presumption of knowledge when reasonable inquiry by the secondhand dealer is not made, when circumstances are such that it should be made. Therefore, all subdivisions of Penal Code section 496 involve the element of knowledge which gives rise to the trait of dishonesty. From the pragmatic view, where would the trait of dishonesty be more apparent than in the case of a secondhand dealer found guilty of receiving stolen property?

In conclusion, all subdivisions of Penal Code section 496 involve the trait of dishonesty which significantly bears on the issue of credibility. The trial judge did not abuse his discretion in allowing its use for purposes of impeachment.

II. *Was appellant deprived of the right to effective assistance of counsel?*

Trial counsel admittedly overlooked an entry in a police report relating to an officer seeing a man in the basement, apparently holding a flashlight. (The officer caught only momentary glimpses of that man and was unable to identify him at the trial. Another officer arrested de-

fendant and transported him away from the scene.) A second police report containing this and other information was given to counsel on the morning of trial, which alerted her to this fact. Also, a flashlight and a peacoat were found in the basement on approximately the day following the arrest. This information, along with fingerprint information previously requested, was given to defense counsel the week before trial.

On a motion to suppress these items during trial, the trial judge offered defense counsel a continuance which she declined.

The week before trial the district attorney discussed with defense counsel the possibility of a problem arising because of the tardiness of getting this information to her. She said it would be okay if they could stipulate to certain things.

The trial judge again suggested a continuance, with no response from defense counsel.

After hearing the testimony of the officer who saw the man in the basement, the trial judge advised the jury to disregard all testimony relating to the flashlight and the peacoat as there was no connection between them and the appellant.

There appears to be some negligence on the part of defense counsel in not picking out certain items in the police report, but it has not been established that counsel's omissions resulted in the withdrawal of a potentially meritorious defense as is required by *People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].

From reading the entire transcript, it is apparent that counsel diligently, adequately and competently represented the appellant. Counsel made appropriate motions, objections, strenuous arguments and conducted herself as able counsel in all respects.

Further, any possible omission on the part of defense counsel was corrected by the judge's rulings and admonitions to the jury, striking testimony of evidence relating to the flashlight and the peacoat, and not allowing those items to be admitted into evidence.

Appellant must affirmatively show that the omission of defense counsel involved a crucial issue. (*People* v. *Jackson* (1980) 28 Cal.3d 264,

289 [168 Cal.Rptr. 603, 618 P.2d 149].) In the present case this was not done.

Judgment affirmed.

Elkington, Acting P. J., and Grodin, J., concurred.