[Crim. No. 38225. Second Dist., Div. Five. Dec. 22, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
LESTER RAY THOMPSON, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Nancy Ann Stoner, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By jury trial appellant was convicted of possession of phencyclidine (PCP). (Health & Saf. Code, § 11377, subd. (a).) He was sentenced to state prison.

At 9 p.m. on September 8, 1979, Los Angeles Police Officers Strong and Osman were on patrol in the Nickerson Gardens area. They were eastbound on 115th Street when they observed appellant talking to another man at the corner of a parking lot on the north side of the street. They pulled their police car into the parking lot. Appellant looked in their direction, then he and the other man split up. Walking northbound in the parking lot, with the police car on his left, which was also pro-

ceeding northbound and in the process of overtaking him, appellant reached with his right hand into his right jacket pocket, removed a bottle, held it down his right side, then dropped or threw the bottle, which rolled into the gutter of the parking lot.

When they saw appellant drop the bottle, the officers got out of their vehicle. Officer Strong detained appellant while Officer Osman retrieved the bottle. The other man got away. There were no other persons on the east side of the parking lot. The bottle contained six PCP cigarettes.

The trial court denied appellant's motion to prevent the prosecution from impeaching him with his prior burglary conviction. Appellant elected not to testify. Appellant's brother, Walter Thompson, Jr., testified for the defense. He and appellant were walking toward his house. Walter stopped to talk to a friend; appellant walked slightly ahead urging Walter to come on; Walter told him to wait, and appellant was walking back toward them when the police arrived. There were several groups of men in the parking lot when the police arrived, and all those men broke and ran. Two or three of them threw something that sounded like plastic containers and a glass bottle. Walter did not see appellant take anything out of his pocket and throw it. The policemen jumped out of their car but all the other men got away. One of the policemen searched under some cars parked on the north side of the lot, and came up with something. The policemen arrested appellant, who was still nearby.

Appellant contends (1) that the trial court erred in ruling that appellant's prior conviction for burglary was admissible to impeach appellant; (2) that the court erred in denying appellant's request that his brother, who was in custody, testify in civilian clothes; (3) that the prosecutor committed misconduct when he disclosed, during cross-examination of Walter Thompson, that appellant was in custody; and (4) that the prosecutor committed misconduct in argument to the jury, indirectly commenting on appellant's failure to testify, by arguing that the only evidence contrary to the officer's testimony came from appellant's brother. We agree with the first contention and do not reach the others.

## PRIOR CONVICTION

During the trial the court learned that appellant was on probation for a July 28, 1977, conviction of burglary in Los Angeles Superior Court,

and of the existence of proceedings for violation of probation. Appellant's counsel inquired whether the prosecution intended to impeach appellant with the prior if he chose to testify, and the prosecutor replied yes. Appellant's counsel objected on the ground that "without having the file or having the facts of that burglary, you can't make a determination whether or not it was a burglary to commit a violent crime, or a crime of theft." The court rejected this argument, saying, "There is a recent case that holds absent any other evidence, it is assumed to be for theft.... [¶] ... I am assuming that it was for theft, because I have no contrary information. If you have contrary information, please present it. [¶] MR. CRON [defense counsel]: At this time I don't have any other information. [¶] THE COURT: All right. The Beagle motion is denied...." After appellant's brother had testified for the defense, counsel renewed his motion, saying that the file was still not available, that appellant's decision whether to testify was dependent on the ruling, and that the prejudicial effect of the prior conviction was great in light of the prosecutor's cross-examination of Walter, which had brought out that both Walter and appellant were in custody and had been in the same cell. The court again rejected the motion, on the ground that appellant still had presented no evidence that the burglary was not one involving theft.

Burglary is the entry into a building "with intent to commit grand or petit larceny or any felony ...." (Pen. Code, § 459.) ■ A prior conviction for burglary with intent to commit theft is relevant to the witness' credibility because it involves dishonesty, whereas a burglary with intent only to commit a violent act is not relevant. (See *People v. Spearman*, 25 Cal.3d 107, 114 [157 Cal.Rptr. 883, 599 P.2d 74]; *People v. Rollo*, 20 Cal.3d 109, 118 [141 Cal.Rptr. 177, 569 P.2d 771].) ■ The question presented is, who has the burden of showing that a prior conviction of burglary involved dishonesty. (Compare *People v. Keating*, 118 Cal.App.3d 172, 179-180 [173 Cal.Rptr. 286]; *People v. McCullough*, 100 Cal.App.3d 169, 177-178 [160 Cal.Rptr. 831], with *People v. Stewart*, 34 Cal.App.3d 244, 248 [109 Cal.Rptr. 826].)

The trial court's ruling was supported by *People v. Stewart, supra.* There the court stated: "Appellant's basic premise is that before the prosecution may use a prior burglary for impeachment, it must make a showing that the prior involved some element of dishonesty or fraud, and that burglary per se, without added proof of specific intent to steal does not involve deceit, fraud, cheating, etc.... Appellant, however, burdens the wrong party. If a defendant in a criminal action can show

that the prior burglary was for some other type of criminal conduct such as entering a house with intent to commit an assault with a deadly weapon, it is incumbent upon defendant to make that showing. No such showing was made. There was no abuse of discretion." (*Id.*, at pp. 247-248; citation omitted.) *Stewart* was decided in 1973, the year after *People* v. *Beagle*, 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]. Probably the "recent case" which the trial court had in mind was *People* v. *Benton*, 100 Cal.App.3d 92, 97 [161 Cal.Rptr. 12], where *Stewart* was cited for the proposition that "[i]n the absence of a showing by appellant that his prior attempted burglary did not involve a theft, it is assumed that it did and thus is a crime reflecting on appellant's honesty."[1]

Two more recent cases, however, have thoroughly considered this issue in light of the Supreme Court's refinement of *Beagle* principles subsequent to 1972. The first is *People* v. *McCullough, supra*, 100 Cal. App.3d 169, 177-178.[2] *McCullough* involved a prior conviction of kidnaping which, as a matter of statutory definition, involves taking a person not only by force but also by decoys, false promises, misrepresentation, and fraud. (*Id.*, at pp. 175-176, fn. 3.) The court stated: "We are then confronted with the problem of a felony statute that forbids various acts, some of which do necessarily involve dishonesty and some of which do not." (*Id.*, at p. 177.) Considering itself "ineluctably driven ... by the sequence of cases from *Beagle* to *Spearman*," the court concluded "*that the proponent of the admissibility of the evidence* of the prior conviction should be permitted to use such evidence, *provided that he can show* that the conviction was relevant, i.e., that the conviction necessarily related to a crime involving 'dishonesty'...." (*Id.*, at pp. 177, 178; italics added.) In a footnote the court specifically cautioned that its analysis would be relevant to a prior conviction of burglary: "The problem we have discussed goes beyond section 207. Consider a conviction for burglary used for impeachment. Burglary is defined as the entering of an inhabited house, inter alia, with the intent to commit grand or petit larceny *or any felony*. (§ 459.) Entering with the intent to commit larceny would seem to necessarily be a 'dishonest'

---

[1]It may be noted, however, that the court in *Benton* was not discussing the allocation of the burden of proof upon the issue being timely raised in the trial court. The discussion in *Benton* was whether the prejudicial effect outweighed the probative value in light of the conviction's remoteness in time, and the appellate court, in discussing the different factors involved, simply stated that it would assume the relevance of the prior conviction to dishonesty.

[2]*McCullough* was on the books at the time of the instant trial, having been decided one day after *Benton*.

act; on the other hand, entering with the intent to commit felonious assault would seem not to necessarily include an element of dishonesty." (*Id.*, at p. 178, fn. 4; italics in original.)

The specific application of the *McCullough* principle to burglary was made in *People* v. *Keating, supra*, 118 Cal.App.3d 172, 179-180. The court held that the trial court had erred in admitting into evidence for impeachment purposes a prior conviction of burglary where there was no showing by the prosecution that it was the type of burglary involving theft or a dishonest act. The court stated: "The *sine qua non* of probative value is relevancy. So, to determine the probative value of a prior conviction the trial court must first decide if the prior conviction is relevant. This portion of the *Beagle* formula is no more than a recitation of ordinary evidence rules contained in Evidence Code section 350: "[n]o evidence is admissible except relevant evidence." Irrelevant evidence must be excluded; a trial court has no discretion to admit it. (*Fuentes* v. *Tucker* (1947) 31 Cal.2d 1, 7 [187 P.2d 752]; *People* v. *Hall* (1980) 28 Cal.3d 143, 152 [167 Cal.Rptr. 844, 616 P.2d 826].)

"Relevancy of a prior felony conviction for impeachment means the felony must reflect on the credibility of the witness. To do so it must have as a necessary element "the intent to lie, defraud, deceive, steal, etc.' (*People* v. *Spearman, supra*, 25 Cal.3d 107, 114.) Until and unless that element of the felony is shown the prior conviction simply is not relevant evidence and is therefore inadmissible. (Evid. Code, §§ 350, 403.) The proponent of the evidence, here the prosecution, had the burden of showing the burglary involved an intent to commit theft or some other dishonest act. (*People* v. *McCullough* (1979) 100 Cal.App.3d 169, 177 [160 Cal.Rptr. 831].) Because such a showing was not made the evidence was inadmissible." (*Id.*, at pp. 179-180.) The court specifically disapproved statements to the contrary in *Stewart* and *Benton*. (*Id.*, at p. 180.)

Thus, although there was ample authority at the time of trial to support the trial court's ruling (*Stewart, Benton*), there was also contrary authority (*McCullough*), and we are persuaded that *McCullough* and the more recent case of *Keating* are better reasoned. The burden should not have been placed on appellant to prove that his prior conviction of burglary did not involve dishonesty.

The *Keating* rule does not place an undue burden on the prosecution, who is usually the proponent of such evidence. At least in the case of

the defendant, the prosecutor will normally obtain the defendant's prior record during routine trial preparation. In some cases the defendant's rap sheet itself might reasonably imply that the burglary involved dishonesty, as for example when the defendant was simultaneously convicted of burglary and theft. If the prosecutor intends to impeach the defendant, the prosecutor would normally obtain, during trial preparation, some competent evidence of conviction, in case the defendant denied his prior conviction. If the judgment of conviction did not contain recitals disclosing the nature of the burglary, it may be disclosed by the accusatory pleading. If that is insufficient, information could be obtained from such sources as the prior prosecutor, the prior defense counsel, the prior probation officer, or the Department of Corrections. The probation officer's report from the prior case would be an appropriate source. There might be other indications of the nature of the burglary in the superior court file. If necessary, of course, resort could be had to the preliminary hearing transcript or trial transcript. Many of these sources are readily available to prosecutors.

We next consider whether the trial court's erroneous ruling was prejudicial. (Compare *People* v. *Spearman, supra,* 25 Cal.3d 107, 118-119; *People* v. *Fries,* 24 Cal.3d 222, 233-234 [155 Cal.Rptr. 194, 594 P.2d 19]; *People* v. *Buss,* 102 Cal.App.3d 781, 784-785 [162 Cal.Rptr. 515], with *People* v. *Anjell,* 100 Cal.App.3d 189, 199 [160 Cal.Rptr. 669]; *People* v. *Jardine,* 116 Cal.App.3d 907, 923 [172 Cal.Rptr. 408].) Although appellant's defense was presented by his brother, it is difficult to speculate how the jury would have reacted had appellant testified in his own behalf. Some of the other issues raised on this appeal might never have arisen if the trial court had placed the burden on the prosecution initially. Under all the circumstances, there has been a miscarriage of justice as explained in *People* v. *Spearman, supra,* and the judgment must be reversed.

The judgment is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.