[Crim. No. 6623. Fifth Dist. Dec. 9, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ADAMS, Defendant and Appellant.

**COUNSEL**

Mark D. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ZENOVICH, Acting P. J.**—Robert Adams appeals from a judgment of conviction entered following a jury verdict finding him guilty of two counts of forgery (Pen. Code, § 470). We reverse.

### FACTS

In early December 1981, Dale Hannah let his stepson, Robert Adams, and an acquaintance, Steve Wilson, use his truck to run an errand. Adams and Wilson had been working for Hannah at the time. Later that month, Hannah discovered that some checks had been taken from a checkbook he kept in the truck, and two of these checks were cashed by Robert Adams at a nearby store.

Steve Wilson was the state's primary witness. Wilson testified that he saw Robert Adams take four checks from the truck, saw the checks later that evening, and was waiting when Robert Adams cashed the checks. Steve Wilson was the only witness to give direct testimony regarding the theft of the checks and was the only witness who could directly contradict Robert Adams' explanation of the event. Adams claimed that he received the checks from Steve Wilson, that they were already signed at that time, and that Wilson told him that they were in payment for the work that they (Adams and Wilson) had done for Hannah.

In December 1981 when these events took place, Steve Wilson was on juvenile probation for grand theft. It is not clear that he was on probation when he testified, but he was in custody for another matter when he first discussed this case with the police. Robert Adams' counsel attempted to cross-examine Wilson regarding his status as a juvenile probationer, but this course of questioning was not allowed. The court also rejected appellant's motion to exclude evidence of his prior conviction for burglary, so appellant admitted the prior conviction in his direct testimony.

### DISCUSSION

■ Examining the record before us, we conclude appellant had a Sixth Amendment right to probe Wilson's possible bias on cross-examination pursuant to *Davis* v. *Alaska* (1973) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105].

In *Davis,* a juvenile probationer was used to provide identification testimony placing the defendant near the place where some evidence was found.

There was no indication that the juvenile was involved in the crime itself, but the defense sought to show that his testimony was motivated by fear of jeopardy to his probation. The trial court and the Alaska Supreme Court did not allow this avenue of cross-examination, relying on Alaska's policy of confidentiality for juvenile records. (*Id.,* at p. 311 [39 L.Ed.2d at p. 351].) The United States Supreme Court reversed, finding that ". . . the claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's [the juvenile probationer's] vulnerable status as a probationer, . . . as well as [his] possible concern that he might be a suspect in the investigation." (*Id.,* at pp. 317-318 [39 L.Ed.2d at p. 354].)

In the case before us, respondent argues that the witness' possible bias "was fully presented to the jury." This argument was also rejected by the *Davis* court. The Alaska court had concluded that the juvenile's possible bias was adequately raised by questioning about bias—but not about the reason for his bias. This approach was specifically rejected by the Supreme Court: ". . . to make any such inquiry effective, defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Petitioner was thus denied the right of effective cross-examination which 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" (*Id.,* at p. 318 [39 L.Ed.2d at p. 355].)

Here, Steve Wilson was not simply a past misdemeanant as was the case in *People* v. *Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545]. He was on probation, so in any brush with the law he certainly was aware of the consequences of noncooperation. Thus, his status as a probationer was relevant to impeach his testimony for bias, prejudice and his possible motive to cooperate with the authorities, regardless of the act that got him on probation in the first place. Under these circumstances, the trial court erred when it denied impeachment of Steve Wilson for any bias, prejudice or motive falling from his status as a juvenile probationer.

Because the matter must be remanded for further proceedings, we deem it appropriate to discuss one of the remaining issues raised by appellant.

When appellant moved to exclude his prior burglary conviction, the trial court concluded that it was admissible under pre-Proposition 8 standards, but did not make any specific finding that the burglary was theft related. Since Proposition 8 does not apply retroactively (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149]), the admissibility

of appellant's prior conviction must be resolved under the standard in effect at the time of the crime.

■ Appellant contends that the prosecution had the burden of showing that his prior burglary was theft related.

There is some division in the Courts of Appeal on this issue. Respondent, echoing the language of *People* v. *Bishop* (1982) 132 Cal.App.3d 717, 721 [183 Cal.Rptr. 414], contends that the "better reasoned" authorities place the burden on defendant to demonstrate that his prior burglary conviction did not involve theft. We do not agree. *People* v. *Bishop, supra,* just claims that these authorities are "better reasoned" and sides with them. *People* v. *Lescallet* (1981) 123 Cal.App.3d 487, 493 [176 Cal.Rptr. 687] just "observes the rule" that this burden is on defendant and applies it. *People* v. *Benton* (1979) 100 Cal.App.3d 92, 97 [161 Cal.Rptr. 12] just adopts the rule as stated in *People* v. *Stewart* (1973) 34 Cal.App.3d 244, 247-248 [109 Cal.Rptr. 826]. Moreover, *Benton, supra,* has been repudiated on just this point in *People* v. *Thompson* (1981) 127 Cal.App.3d 13, 17, footnote 1 [179 Cal.Rptr. 328].

The opposing line of cases, holding that the prosecution must prove that a prior conviction was theft related, do supply reasoning. *People* v. *Keating* (1981) 118 Cal.App.3d 172, 179-180 [173 Cal.Rptr. 286] is the leading case. Its reasoning is adopted in *People* v. *Thompson, supra,* 127 Cal.App.3d 13, 17, and it is accepted but distinguished with regard to prior convictions of receiving stolen property in *People* v. *Kemper* (1981) 125 Cal.App.3d 451, 456 [178 Cal.Rptr. 156].

*Keating*'s rationale is derived from *People* v. *Beagle* (1972) 6 Cal.3d 441, 451-454 [99 Cal.Rptr. 313, 492 P.2d 1]. *Beagle* held that although Evidence Code section 788 authorizes use of a prior felony conviction for impeachment, a court must exercise its discretion under Evidence Code section 352 to decide whether a given prior conviction should be admitted. The *Keating* court argued that a prior felony conviction is not relevant to credibility unless it has as a necessary element "the intent to lie, defraud, deceive, steal, etc.," relying on *People* v. *Spearman* (1979) 25 Cal.3d 107, 113-115 [157 Cal.Rptr. 883, 599 P.2d 74]. The proponent of the evidence generally has the burden of showing relevance, and relevance is essential to admissibility. (Evid. Code, §§ 350, 403.) As a result, the prosecution, as a proponent of the evidence of the prior conviction, has the burden of showing that it is relevant to credibility. If the prior conviction is for burglary, the intent to steal is not "necessary" to the prior conviction unless the burglary's target offense is a theft-related crime.

*People* v. *Thompson, supra,* 127 Cal.App.3d at pages 18-19 points out that the *Keating* rule does not place an undue burden on the prosecution: ". . . the prosecutor will normally obtain the defendant's prior record during routine trial preparation. In some cases the defendant's rap sheet itself might reasonably imply that the burglary involved dishonesty, as for example when the defendant was simultaneously convicted of burglary and theft. If the prosecutor intends to impeach the defendant, the prosecutor would normally obtain, during trial preparation, some competent evidence of conviction, in case the defendant denied his prior conviction. If the judgment of conviction did not contain recitals disclosing the nature of the burglary, it may be disclosed by the accusatory pleading. If that is insufficient, information could be obtained from such sources as the prior prosecutor, the prior defense counsel, the prior probation officer, or the Department of Corrections. The probation officer's report from the prior case would be an appropriate source. There might be other indications of the nature of the burglary in the superior court file. If necessary, of course, resort could be had to the preliminary hearing transcript or trial transcript. Many of these sources are readily available to prosecutors."

Accordingly, we hold that, at retrial, the prosecution has the burden of showing that appellant's burglary conviction was theft related.

The judgment is reversed.

Woolpert, J., and Hamlin, J., concurred.