[No. E000154. Fourth Dist., Div. Two. Oct. 31, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFEREY FARRAR DEAN, Defendant and Appellant.

494

COUNSEL

Gail Polack, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MORRIS, P. J.—An information filed by the district attorney's office charged defendant with one count of burglary (Pen. Code, § 459)[1], one count of robbery (§ 211), and one count of rape (§ 261, subd. (2)), including use allegations pursuant to section 12022.3, subdivision (a). The information also alleged that defendant had suffered three prior convictions for residential burglary (§§ 667, 667.5, subd. (b)), two in California and one in Alabama. A jury found defendant guilty as charged and, after a court trial on the prior convictions, the court found the allegations to be true. Defendant's motion to strike the priors was denied. Defendant was sentenced to the upper term of six years for burglary as the principal term, the upper term of eight years for rape pursuant to section 667.6, subdivision (c), three years for weapon enhancement, and eleven years enhancement for the prior convictions. Defendant has appealed.

---

[1]All references are to the Penal Code.

DISCUSSION

I

Defendant contends that the trial court erred in failing to grant his motion to strike the Alabama prior because the record contained no express waiver of his constitutional rights. *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] held that before a court may accept a guilty plea from a defendant, it must determine that the defendant has knowingly and voluntarily waived his right to trial by jury, and has waived his privilege against self-incrimination. *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449] (cert. den., *Tahl* v. *California* (1970) 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708]) further stated that the record must show *on its face* that defendant was aware of and voluntarily waived those rights. Defendant asserts that where the record is silent regarding the waiver of those rights, the prior conviction must be stricken.

The reporter's transcript from defendant's Alabama plea is unavailable. However, a docket sheet was introduced which showed that defendant pleaded guilty to second degree burglary and noted "Rights explained . . . prior to guilty plea, Court advised def't of rights and consequences . . . ." Defendant contends that because there is no further statement which demonstrates he waived his rights, the record is inadequate to support the enhancement of his sentence with his prior.

The Attorney General argues that when the conviction is from a sister state, there is a presumption that procedural safeguards have been complied with (*People* v. *La Fargue* (1983) 147 Cal.App.3d 878, 890 [195 Cal.Rptr. 438]), and that this presumption is especially strong where, as in this case, the defendant has failed to challenge his Alabama conviction on appeal. The Attorney General, citing *People* v. *Reeves* (1981) 123 Cal.App.3d 65 [176 Cal.Rptr. 182], urges that a motion to strike may only be used to collaterally attack a prior conviction on the grounds of denial of the right to counsel. The *Reeves* court interpreted *People* v. *Coffey* (1967) 67 Cal.2d 204 [430 P.2d 15] to so limit a motion to strike a prior conviction (*People* v. *Reeves, supra,* 123 Cal.App.3d at p. 69). However, since the filing of the briefs in this appeal, the California Supreme Court has decided *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904].

In *Sumstine* the defendant admitted his prior conviction but moved to strike it citing *Boykin* and *Tahl,* and stating, " 'This challenge is directed at the Kern County court's complete failure to make a record showing that the plea was knowing, intelligent and voluntary. Nor is there a record to show that the defendant was informed of his rights to jury trial, confrontation of

witnesses, silence and presentation of evidence. Finally the defendant was not informed of the consequences of his plea.'" (*Id.*, at pp. 914-915.) The court found that, "The claim is phrased in such a way that in certain contexts it might be read as an affirmative allegation of denial of constitutional rights, i.e., he did not know the consequences of his plea. But in this context, where the rest of his motion refers only to the silence of the record and his briefs do not distinguish between his claims, we believe that defendant is relying here, as elsewhere, solely on the silence of the record. Thus we find no need to treat this allegation separately." (*Id.*, at p. 915, fn. 1.)

The court found that a defendant may move to strike a prior conviction on *Boykin/Tahl* grounds, but he must affirmatively allege that he did not knowingly and intelligently waive his rights; an allegation simply that the record is silent regarding those rights is not sufficient. Further, once a proper allegation has been made, the trial court must hold an evidentiary hearing in compliance with *People* v. *Coffey* to determine the truth of the allegation.

In *Coffey* the court found that attacks on the constitutionality of a prior conviction should be disposed of as early as possible and that a motion to strike was the proper means by which to raise the issue, provided, however, that the allegations were such that if true, they would "render the prior conviction devoid of constitutional support." Therefore, if the issue is properly raised at or prior to trial the trial court must decide it. (*People* v. *Coffey, supra,* 67 Cal.2d at p. 215.) Because both defendants' allegations in the *Coffey* case and in the case of *People* v. *Merriam* (1967) 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161], which the *Coffey* court relied on, raised right to counsel issues, *People* v. *Reeves, supra,* 123 Cal.App.3d 65, cited by respondent, held that motions to strike were to be utilized *only* in situations where defendant alleged he was not properly represented by counsel.

The court in *Sumstine* found that after *Boykin* it could no longer be assumed that protecting a defendant's right to counsel protected his other rights. The court disapproved *People* v. *Reeves* and stated that its concern "that prior convictions obtained in violation of any of a defendant's constitutional rights not be used to enhance a prison sentence, militates against allowing a defendant to challenge a prior conviction on the ground that it was obtained in violation of his right to counsel but not on the ground that it was obtained in violation of other constitutional rights. A *Boykin/Tahl* challenge is equally permissible." (*Id.*, at pp. 918-919.)

The court next turned to the sufficiency of defendant's motions and found that the record was "woefully inadequate concerning the steps taken to preserve defendant's *Boykin/Tahl* rights." (*Id.*, at p. 921.) The reporter's

notes of defendant's arraignment no longer existed, only the arraignment form remained. It contained a paragraph noting " 'Defendant(s) arraigned and informed of _____constitutional rights'; the other provides 'Counsel waives reading of complaint and informing defendant of his constitutional rights.' " An × marked the box next to the second statement, no mark was before the first. (*Id.*, at p. 921.)

The court found that the record failed to meet the *Tahl* guidelines, which required the *Boykin* rights—self-incrimination, confrontation, and jury trial—be specifically enumerated for and waived by the defendant prior to acceptance of his guilty plea. The court found that there was no indication that counsel had informed defendant of his rights or that the court had asked defendant if he waived his rights. Although the court found that had defendant taken an appeal from his conviction on that record, it would have been reversed under the *Tahl* standard, motions to strike remain subject to the evidentiary standards of *Coffey* and an allegation that the record is silent is not an allegation which " 'if true would render the prior conviction devoid of constitutional support.' " However, once a defendant makes an adequate allegation, the trial court must have a hearing. A defendant then has the burden of producing evidence that his constitutional rights were infringed upon, and the prosecution may produce evidence in rebuttal. (*Id.*, at p. 922.)

The court further found that although, as respondent in the case at bar points out, there is a basis to presume that official duties were performed when examining official records, the courts of this state have been on notice since *Boykin* that "before they accept a guilty plea in a felony case they must make a record that contains '*on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial and against self-incrimination. . . .' [Citation.]" (*Id.*, at pp. 923-924.) Thus, the post-*Boykin* records do not enjoy the presumption of regularity and it will not be sufficient rebuttal for the state to invoke the regularity of the silent record.

The court concluded that a motion to strike may be used to allege denial of *Boykin/Tahl* rights but the allegation must be based on more than the silence of the record and defendant's allegation that the record is silent as to his rights to " 'jury trial, confrontation of witnesses, silence and presentation of evidence' and as to the voluntariness of his guilty plea is thus insufficient." The court sustained the ruling. (*Id.*, at p. 924.)

We must now determine if, in light of *Sumstine*, defendant in the case before us should have been granted an evidentiary hearing on his motion to strike the Alabama prior. The record in this case is certainly more closely

within the guidelines established in *Tahl* than is the record of the defendant in *Sumstine*. The Alabama docket sheet in this case contains a section noting "Rights explained . . . prior to guilty plea, Court advised def't of rights and consequences . . . ." This section has been clearly marked by a date entered before it, in contrast to the *Sumstine* record which only noted that counsel had waived the reading of defendant's rights. It is clear that the defendant in the case at bar was explicitly given his rights. However, the three rights mentioned in *Boykin* are not expressly enumerated on the form as required by *Tahl* and there is no express waiver. Although it stretches the imagination to suppose that the judge in explaining defendant's rights did not enumerate those rights and then elicit a waiver from defendant, absent the normal presumption that official duty was performed, this record, after *Sumstine,* is apparently insufficient under *Tahl.*

In any event, the sufficiency of the record in this case need not be determined. Under *Sumstine* we must first determine whether defendant's allegation was sufficient to warrant an evidentiary hearing.

The language in defendant's motion is quite similar to that of the defendant in *Sumstine*. Although the motion itself states that "defendant did not knowingly, intelligently, and understandingly waive his right to jury trial, his right against self-incrimination and his right to confront and cross-examine witnesses," defendant's points and authorities quote *Tahl* and state merely that "[o]n the facts of the instant case, the Clerk's Transcript of Minutes of pleas in both cases failed to show a waiver of the above-described rights." It is clear from the reporter's transcript of the hearing on the motion that defendant never actually alleged his rights were not given but merely that the court could not rely on a silent record. This allegation is not sufficient under *Sumstine* to warrant an evidentiary hearing. Therefore the trial court properly denied defendant's motion to strike.

II

### ENHANCEMENT FOR "RESIDENTIAL BURGLARY"

Defendant next contends that there was not competent evidence that his prior convictions were for the crime of "residential burglary," thus the trial court erred in enhancing his sentence under section 667, subdivision (a). That section requires that "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five year enhancement for each such prior conviction on charges brought and tried separately. . . . [¶] (d) As

used in this section, 'serious felony' means a serious felony listed in subdivision (c) of section 1192.7." Section 1192.7, subdivision (c) reads in pertinent part: "As used in this section 'serious felony' means any of the following: . . . (18) burglary of a residence; . . ."

The record of defendant's prior convictions from Alabama and Riverside show defendant pleaded guilty to second degree burglary in each case. Defendant contends that because second degree burglary does not necessarily require entry of a residence, that element was not necessarily litigated and the prosecution may not go behind the adjudicated elements to show defendant was guilty of a greater offense.[2] Defendant cites *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] and *People* v. *Lee* (1984) 150 Cal.App.3d 455 [197 Cal.Rptr. 766].

In *Crowson* defendant stipulated to a prior conviction under federal law for conspiracy to possess a controlled substance with intent to distribute. The court held that defendant's sentence could not be enhanced under section 667.5, subdivision (f) which provided: " 'A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction *for an offense which includes all of the elements of the particular felony as defined under California law* provided the defendant served one year or more in prison for such offense in the other jurisdiction.' (Italics added.)" (*Id.,* at p. 633.) The court held that the elements-of-the-offense standard does not allow enhancement of a prison sentence for prior conviction in a foreign jurisdiction unless the minimum elements for commission of the foreign crime would also establish a felony in California. Thus, even though defendant entered a guilty plea in the federal drug conspiracy case, unlike the California conspiracy statute, an overt act was not required as an element of the federal offense. Therefore, the overt act could not be viewed as established because defendant would have no incentive to contest the overt act, and collateral estoppel regards

---

[2]At the time of defendant's Alabama conviction, Alabama Criminal Code section 13A-7-6 read: "(a) A person commits the crime of second degree burglary if he knowingly enters or remains unlawfully in a building with intent to commit theft or a felony therein . . . ."

At the time of defendant's California conviction, section 460 read: "(1) Every burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code or the inhabited portion of any other building committed in the nighttime is burglary of the first degree.

"(2) All other kinds of burglary are burglary of the second degree."

Thus, while second degree burglary could be found on evidence of a breaking and entering of a residence during the daytime, it was not the only form second degree burglary could take.

only those issues actually and necessarily litigated in the prior proceeding as conclusively established. (*Id.*, at pp. 634-635.)

In *People* v. *Lee, supra,* 150 Cal.App.3d 455, the prosecution and the defendant agreed to submit on the preliminary transcripts and documentary evidence of a previous robbery. Defendant was found guilty of second degree burglary and of having been previously convicted of a serious felony, robbery, within the meaning of section 667, subdivision (a). The court held that the charged crime could not be found to be burglary of a residence, thus, defendant's conviction did not fall within the serious felonies proscribed by section 1192.7. The court relied on *Crowson* and found that "Second degree burglary does not have as an element entry of a residence; therefore, that issue was not necessarily litigated in proving defendant's guilt. The prosecutor may not go behind the unadjudicated element to show that defendant committed a greater offense. Section 667, subdivision (a), states that a foreign conviction may not be used to enhance unless it 'includes all of the *elements* of any serious felony . . . .' (Italics added.) The same standard must apply to defendant's second degree burglary conviction." (*Id.*, at pp. 458-459.)

However, in enacting Proposition 8, the people were not concerned with what the *elements* of first or second degree burglary were, but rather with the serious nature of violation of one's living quarters. Their purpose was to protect their homes by imposing harsher punishment on habitual residential burglars no matter whether the burglary occurred at night or during the day, and thus without regard to whether the burglary was first or second degree under the then applicable law. If we adopt defendant's argument that entry of a residence is not a necessary element of burglary so that a plea of guilty to either could not be found to constitute burglary of a residence, no burglary conviction prior to 1983 for first or second degree burglary could be used for enhancement purposes under section 667, subdivision (a). This is clearly contrary to the intent of the people in enacting Proposition 8.

The *Crowson* case dealt with comparisons between the *elements* of domestic and foreign crimes. The elements of a burglary in California are (1) an entry, (2) of a building enumerated in the statute, (3) with the intent to commit larceny or any felony. Whether the building entered was a residence or not is an aggravating factor to establish the degree of the offense and not an element of the offense itself.

The qualification of the use of a prior conviction for enhancement with a factor that is not a statutory element of the crime is certainly permissible. Habitual criminal statutes often qualify or limit the use of prior convictions

with factors that are not elements of the crime. For example, section 667.5, subdivision (e) requires that it be shown that the defendant served a prison sentence for a prior conviction before that prior conviction can be used to enhance a sentence. However, service of a prior prison term is not itself a crime in California and conviction of a felony for which the accused served a prison term is not a statutorily defined crime. If the use of prior convictions for enhancement may be qualified by requiring a showing that a prison term was served, its use may also be qualified by requiring a showing that the object of the burglary was a residence.

Although defendant in the case at bar did not admit his priors, the court took judicial notice of the records in the Riverside case, including the probation report which set forth the residential nature of the burglary. The records of the prior conviction from Alabama, although only for second degree burglary, contain a certified report from the Alabama Department of Corrections which clearly shows by his own statements that defendant burglarized residences.

■ We find that where a defendant is alleged to have suffered a prior serious felony conviction the prosecutor may show the nature of the prior offense by any competent, relevant evidence. Probation reports are an appropriate source to determine the nature of a prior burglary. (See *People* v. *Thompson* (1981) 127 Cal.App.3d 13, 19 [179 Cal.Rptr. 328].) Insofar as the alleged prior serious felony convictions are concerned in this case, it is clear from the records that they were burglaries of people's residences. Accordingly, the trial court properly enhanced defendant's sentence under the terms of section 667, subdivision (a).

The judgment is affirmed.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied November 19, 1984.